IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:12-CV-2630-M-BK |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

### FINDINGS, CONCLUSIONS, and RECOMMENDATION

This case has been referred to the undersigned for pretrial management. (Doc. 4). The Court now considers Plaintiff's Motion to Remand. (Doc. 7). After reviewing the pleadings and applicable law, the Court recommends that Plaintiff's Motion to Remand be **DENIED**.

### BACKGROUND

On July 3, 2012, Plaintiff filed suit in state court against Defendant Bank of America, alleging violations of the Texas Property Code and Deceptive Trade Practices Act, and also seeking declaratory and injunctive relief. (Doc. 1-1 at 4). Plaintiff's claims originate from Defendant's commencement of foreclosure on Plaintiff's home. *Id.* Defendant subsequently removed the case to this Court on the basis of diversity jurisdiction. (Doc. 1 at 2).

In his motion to remand, Plaintiff argues that this Court lacks jurisdiction because Defendant has not demonstrated that the amount of controversy is at least $75,000.00. (Doc. 7 at 4). Additionally, Plaintiff claims that he made "general demands for damages, and is only seeking damages related to mischarged fees and disputing the amount of debt and Defendant's standing to foreclose – not the entire amount of the debt." *Id.* Alternatively, Plaintiff avers that his property is worth far less than $75,000.00. (Doc. 12 at 2). Defendant counters that the amount in controversy is indeed measured by

the value of the object of the litigation -- Plaintiff's home -- which is currently appraised by the county tax assessor at $85,560.00. (Doc. 1-2; Doc. 9 at 4).

## APPLICABLE LAW AND ANALYSIS

Under 28 U.S.C. § 1446, a defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a), (b). However, within 30 days of removal, a plaintiff may move to remand the action to state court if there was a defect in the removal procedure. 28 U.S.C. § 1447(c). Removal statutes are strictly construed in favor of remand and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).

A federal district court has original jurisdiction of an action between citizens of different states when the amount in controversy exceeds $75,000.00; thus, a state case is removable where all defendants reside in different states than plaintiffs and the amount in controversy threshold is met. 28 U.S.C. §§ 1332(a)(1), 1441. In determining if the requisite amount of controversy has been met, a court usually considers the plaintiff's good faith allegation. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). However, where the complaint does not specify a certain amount in controversy, the defendant must prove by a preponderance of evidence that the requisite amount of controversy has been met. *Id.* The Court takes a "common sense" approach in determining whether that jurisdictional requisite has been met. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

Here, the parties do not dispute that complete diversity exists; therefore, the only issue before the Court is the requisite amount in controversy. Although Plaintiff alleges that he made only a general demand for monetary damages and merely seeks reimbursement of mischarged fees, he asserts several claims that place the title of his property at issue. *See McDonald v. Deutsche Bank Nat. Trust Co.*, 3:11-CV-2691-B, 2011 WL 6396628, at *1 (N.D. Tex. 2011) (Boyle, J.) (holding that the plaintiff's request for injunctive relief placed title of property at issue, since an injunction of restraining order would

prevent the defendants from foreclosing on the property).

*McDonald* is closely analogous to the instant case, where Plaintiff seeks to temporarily restrain Defendants from executing a Substitute Trustee's Sale, taking possession of the property, or otherwise attempting to disturb Plaintiff's possession of the property. (Doc. 1-1 at 20-21). When a plaintiff seeks declaratory or injunctive relief, "the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *McDonald*, 2011 WL 6396628, at *2 (citing *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002)). Moreover, when, as here, "a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Id.* (citing *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)). *See also Hayward v. Chase Home Finance, LLC*, 2011 WL 2881298, *4–5 (N.D. Tex. 2011) (Fish, J.) (citing cases).

Although Plaintiff also contends that the actual value of the property is less than $75,000, the Court finds persuasive Defendants' offer of the 2012 valuation of the Dallas County Appraisal District, which shows a certified property value of more than $85,000. (Doc. 1-2). Plaintiff has failed to present any evidence to the contrary. Thus, the Court finds by a preponderance of the evidence that the jurisdictional threshold of $75,000 in controversy is met in this case.

## RECOMMENDATION

Based on the foregoing, it is recommended that Plaintiff's *Motion to Remand* (Doc. 7) be **DENIED**.

**SIGNED** October 31, 2012.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE