IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EDGAR STEWART, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil No. 3:12-CV-2630-M-BK |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, and RECOMMENDATION**

This case has been referred to the undersigned for pretrial management. (Doc. 4). The Court now considers Defendant's *Motion to Dismiss Plaintiff's Original Petition* (Doc. 5). For the reasons discussed below, it is recommended that the motion be **GRANTED**.

**BACKGROUND**

On October 19, 2006, Plaintiff executed a Note and Deed of Trust, which named MERS as the beneficiary, to purchase the property located at 6708 Cedar Shadow Drive, Dallas, Texas 75236. (Doc. 1-1 at 6). On July 3, 2012, Plaintiff, through counsel, filed suit in state court against Defendant Bank of America alleging (1) breach of contract;[1] (2) common law fraud; and (3) violations of the Texas Debt Collection Practices Act ("TDCPA") – all in connection with the foreclosure of his home. (Doc. 1-1 at 10-15). Plaintiff also sought a temporary restraining order to prevent Defendant from conducting a non-judicial foreclosure sale, as well as an accounting,

---

[1] In his *Response to Defendant's Motion to Dismiss,* Plaintiff voluntarily abandons this claim. (Doc. 18 at 13).

injunctive relief and attorney's fees.[2]  (Doc. 1-1 at 15-18).  On August 2, 2012, Defendant removed the case to this Court, and on August 8, 2012 filed its *Motion to Dismiss* pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Doc. 1, 5).

## APPLICABLE LAW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege enough facts to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In ruling on a motion to dismiss, a court must accept all factual allegations in the complaint as true.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007).  When considering a Rule 12(b)(6) motion, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims.  *In Re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2007).

In order to overcome a Rule 12(b)(6) motion, a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery … or contain allegations from which an inference may fairly be drawn that evidence on these material points will be introduced at trial."  *Campbell v. City of San Antonio,* 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted).  A complaint, thus, is not sufficient if it merely contains "naked assertions" devoid of factual enhancement.  *Id.*

## ANALYSIS

The premise of Plaintiff's claims is that Defendant was without authority to foreclose on Plaintiff's residence.  Specifically, Plaintiff (1) challenges MERS's assignment of the Deed of

---

[2] This suit was initiated on the day the foreclosure sale was scheduled to take place, July 3, 2012. According to the pleadings, the foreclosure sale was actually conducted; however, Plaintiff remains in possession of the property.  *See* Doc. 6 at 12; Doc. 18 at 2.

Trust to Defendant Bank of America (Doc. 1-1 at 6, 8); (2) alleges Defendant had no legal right to foreclose because that right expired when the Note was "split" from the Deed of Trust (*Id.* at 7); and (3) alleges Defendant did not have the original Note and, therefore lacked authority to foreclose. (*Id.* at 9-10). However, as detailed below, Plaintiff's arguments are contrary to the applicable law.

**A. MERS's Assignment to Defendant Bank of America**

Plaintiff's alleges that MERS has never held the Note and is not the listed payee of the Note. (Doc. 1-1 at 6). Additionally, Plaintiff contends that the Deed of Trust does not give MERS the right to assign the promissory note; and the attempt to assign the Deed of Trust that is "split" from the Note is ineffective. *Id.* at 6, 8. Defendant argues that Plaintiff does not have standing to challenge the assignment of the Note or Deed of Trust. (Doc. 6 at 19). Defendant additionally urges that the Deed of Trust expressly provides authority for MERS to sell and assign the Note, which it assigned to Countrywide, the predecessor in interest to Defendant Bank of America. *Id.* at 15.

As Defendant correctly notes, Plaintiff does not have standing to challenge the assignment since he was not a party to the assignment. *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 623 (N.D. Tex. 2011) (Means, J.) (citing *Eskridge v. Federal Home Loan Mortg. Corp.*, 2011 WL 2163989, at *5 (W.D. Tex. 2011)). Additionally, the Deed of Trust explicitly gave MERS the authority to assign, transfer or sell the Deed of Trust and, in turn, the Note, to Defendant Bank of America. (Doc. 6-2 at 2-3). *See also Eskridge*, 2011 WL 2163989 at *5 ("In other words, a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions."). Under similar circumstances state and federal courts in Texas have consistently held that MERS has the

authority to transfer the rights and interests in a Deed of Trust if the authority is provided for in the operative documents; and also have rejected claims based on an alleged wrongful foreclosure or lack of authority where the Deed of Trust specifically grants the defendant a right to foreclose upon the plaintiff's default. *Wiggington v. Bank of New York Mellon*, No. 3:10-cv-2128-G, 2011 WL 2669071, at *3 (N.D. Tex. 2011) (Fish, J.); *Richardson v. CitiMortgage, Inc.,* No. 6:10-cv-119, 2010 WL 4818556, at *5 (E.D. Tex. 2010); *Santarose v. Aurora Bank FSB*, No. H-10-720, 2010 WL 2232819, at *5 (W.D. Tex. 2010); *DeFranceschi,* 837 F.Supp.2d at 623; *Athey v. MERS*, 314 S.W.3d 161, 166 (Tex. App.—Eastland 2010).

The Deed of Trust in this case provides that MERS is the "nominee for Lender . . . and Lender's successors and assigns." (Doc. 6-2 at 2). The Deed of Trust also provides that MERS "hold[s] only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with the law or custom, MERS (as nominee for Lender and Lender's successors and assigns), has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." *Id.* at 3. Additionally, as discussed in more detail in the section that follows, MERS's transfer of the Deed of Trust automatically passed the Note as well. *DeFranceschi,* 837 F. Supp. 2d at 623 (rejecting the "split-the-note theory"). Accordingly, Plaintiff's claims that MERS did not have the authority to transfer the Deed of Trust and Note to Defendant Bank of America are without merit.

**B. Plaintiff's "Split the Note" Theory**

Plaintiff's theory that the splitting of the Note and the security interest in the Deed of Trust rendered the Note unsecured and extinguished the authority to foreclose is without merit. Again, arguments like Plaintiff's have been rejected repeatedly. *See, e.g., Salmeron v. CitiMortgage, Inc.,* 3:11-CV-1398-M-BK, 2012 WL 760110, at *3 (N.D. Tex. Feb. 3, 2012)

(Toliver, M.J.) ("Thus, 'there is no merit to Plaintiffs' argument that the deed of trust and note were 'split,' rendering any attempted foreclosure defective.'"), adopted by 3:11-CV-1398-M-BK, 2012 WL 760109 (N.D. Tex. Mar. 7, 2012) (Lynn, J.); *Broyles v. Chase Home Finance*, 2011 WL 1428904, at *3 (N.D. Tex. Apr. 13, 2011) (Fish, J.) (dismissing claim based on "split the note" theory); *Eskridge*, 2011 WL 2163989, at *5 (plaintiff's allegations that the note and deed of trust were split and that she thus had superior title to the property were "without merit because MERS was given the authority to transfer the documents in the Deed of Trust.").

A deed of trust has no legal effect apart from the debt, so a transfer of the deed of trust automatically passes the note as well. *See DeFranchesci*, 2011 WL 3875338, at *4 ("In other words, a transfer of an obligation secured by a note also transfers the note because the deed of trust and note are read together to evaluate their provisions.") (citation omitted); *see also University Sav. Ass'n v. Springwoods Shopping Center*, 644 S.W.2d 705, 706 (Tex. 1982) (noting that a trustee's power to sell a debtor's property derives solely from the deed of trust). Thus, pursuant to MERS's assignment, Defendant was authorized to act under the Deed of Trust to enforce the indebtedness at issue. (Doc. 6-3 at 2-3). In short, there is no merit to Plaintiff's argument that the Deed of Trust and Note in this case being "split" invalidated Defendant's authority under the Deed of Trust. To the extent that Plaintiff relies on this theory to support his underlying claims, those claims undoubtedly fail as well. *See Salmeron,* 2012 WL 760110, at *3 ("[s]ince all of Plaintiffs' claims are premised on the 'split the note' theory, they all fail.").

**C. Plaintiff's "Show me the Note" Theory**

Plaintiff's third underlying legal theory is that Defendant did not have the authority to foreclose on the property because it did not possess the original signed note. (Doc. 1-1 at 9). This so-called show-me-the-note theory "supposes ... 'that only the holder of the original wet-ink

signature note has the lawful power to initiate a non-judicial foreclosure.'" *Puig v. Citibank, N.A.*, 2012 WL 1835721, at *5 (N.D. Tex. 2012) (Lindsay, J.) (quoting *Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, at *2-3 (W.D. Tex. 2011)) (rejecting the plaintiffs' "show me the note" theory under which the homeowners facing foreclosure sought to require the foreclosing entity to produce the original note and collecting cases). "Courts in this and neighboring districts have 'roundly rejected this theory . . . because foreclosure statutes simply do not require possession or production of the original note.'" *Id.* at *2 (quoting *Wells*, 2011 WL 2163987, at *2). To the extent that Plaintiff relies on this theory to support his claims against Defendant, those claims fail.[3]

**D. Common Law Fraud**

The basis of Plaintiff's common law fraud claim is Defendant's allegedly material misrepresentation that it had the authority to accelerate the Note and foreclose on his property. (Doc. 1-1 at 12). Defendant asserts that (1) Plaintiff's claim should be dismissed under Federal Rule of Civil Procedure 9; and (2) Plaintiff's claim is barred by the economic loss doctrine because any claims against Defendant are contractual in nature by terms of the Note and Deed of Trust. (Doc. 6 at 24; Doc. 19 at 8). In response, Plaintiff contends that he has alleged sufficient facts to sustain a fraud claim under Rule 9, and asserts that the economic loss doctrine is inapplicable due to his allegations of an invalid assignment, and thus, a lack of a contractual relationship. (Doc. 18 at 4-5, 14).

Under Texas law, the economic loss doctrine precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *See Southwestern Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Stated differently, a claim in tort will

---

[3] Plaintiff's counsel should have been aware that the argument is patently meritless. *See Kan v. OneWest Bank, FSB*, 823 F. Supp. 2d 464, 467 (W.D. Tex. 2011) ("the Court is particularly dismayed to see a lawyer advancing this argument when it is now so completely unsupported by the statutes and jurisprudence of this state.").

not lie when the only injury alleged is for economic damages that are caused by the failure to perform a contract. *Sterling Chems., Inc. v. Texaco, Inc*., 259 S.W.3d 793, 796-98 (Tex. App.–Hous. [1st Dist.] 2007). Nevertheless, if the defendant's conduct would give rise to liability independent of the fact that a contract exists between the parties, the plaintiff may bring a tort claim in addition to a claim for breach of contract. The economic loss rule applies to real estate transactions. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986).

To determine whether a plaintiff may recover on a tort theory, courts look at the nature of the plaintiff's loss. *See Sterling Chems.*, 259 S.W.3d at 796-98. For example, in *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508, 510-511 (Tex. 1947), the Texas Supreme Court found that the plaintiff had a cause of action in contract, due to an implied duty of the defendant to make the repairs properly, and in negligence, because the defendant also had a duty to use reasonable diligence in making the repairs so as not to injure the plaintiff's property. In *Century Surety Co. v. Hardscape Const. Specialties, Inc*., 578 F.3d 262, 270 (5th Cir. 2009), the Court of Appeals for the Fifth Circuit noted that while the plaintiff's cause of action for faulty pool and deck construction sounded solely in contract, if the plaintiff had alleged that the faulty construction separately damaged its business interests or adjacent property, it might have had a tort cause of action as well.

In this case, Plaintiff's tort claim is premised on Defendant's purported lack of authority under the loan documents to foreclose on the property – a legal theory already rejected herein. Moreover, Plaintiff has not alleged any independent injury outside of the economic losses caused by the supposed breach of the contract memorialized by those documents and, therefore, cannot state a claim for fraud. Accordingly, Plaintiff's fraud claim should be dismissed with prejudice. *See McConathy v. Dr. Pepper/Seven Up Corp*., 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that

dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations).

**E. TDCPA**

*1. Texas Financial Code Sections 392.303 and 392.304*

Plaintiff, again relying on his meritless allegations that Defendant lacked authority under the Note and challenging the assignment of the Note, claims that Defendant's initiation of foreclosure proceedings violated the TDCPA. (Doc. 1-1 at 13, Doc. 18 at 14). Plaintiff also avers that Defendant misrepresented the amounts owed by Plaintiff on the loan, wrongfully accelerated the Note, imposed erroneous charges on Plaintiff's account, and threatened to foreclose on Plaintiff's residence in violation of Texas Financial Code sections 392.303 and 392.304. (Doc. 1-1 at 13-14). Defendant argues that the TDCPA permits a debt collector to exercise a contractual right to a non-judicial foreclosure, and that Plaintiff has wholly failed to provide factual support to establish a plausible theory of recovery. (Doc. 6 at 25, 27).

The TDCPA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts. *See Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986). Specifically, Section 392.303 prohibits debt collectors from using unfair or unconscionable means of debt collecting. Section 392.304 prevents a debt collector's use of deceptive representations in an attempt to collect a debt, including (1) misrepresenting the character or amount of the debt; (2) misrepresenting the consumer's debt status in a judicial proceeding; or (3) using any other false representation. This Court has held that "foreclosure actions inevitably involve a debt collection aspect" that is actionable under the TDCPA. *Biggers v. BAC Home Loans Servicing, LP*, 767 F. Supp. 2d 725, 732 (N.D. Tex. February 10, 2011) (Fitzwater, J.).

In his complaint, Plaintiff has failed to allege the specific provisions of section 392.303 under which he seeks relief, or any specific facts demonstrating Defendant's violation of the section.  Rather, Plaintiff merely makes conclusory allegations that Defendant misrepresented the amount owed by Plaintiff and imposed wrongful charges.  (Doc. 1-1 at 13-14).  Interestingly, Plaintiff does not dispute that he ceased making his mortgage payments; indeed, as noted below, he admits he was in default.  (Doc. 18 at 14-15).  Nor does he suggest that he was harmed by Defendant's alleged misrepresentation of the amount owed.  Thus, he has failed to state a claim under section 392.303 of the TDCPA.  *See, e.g., Wilkerson v. Citimortgage, Inc.,* 3:11-CV-1393-O-BK, 2011 WL 6937382, at *5 (N.D. Tex. Oct. 24, 2011) *report and recommendation adopted,* 3:11-CV-1393-O, 2012 WL 11039 (N.D. Tex. Jan. 3, 2012) (dismissing claim where Plaintiff alleged only that Defendant "misrepresented the amounts allegedly owed by Plaintiff" and "imposed wrongful charges on Plaintiff's mortgage account").

Similarly, while section 392.304 of the TDCPA prevents a debt collector from misrepresenting the character or amount of a debt or making false representations to collect a debt, Plaintiff has made only conclusory allegations in support of this claim.  (Doc. 1-1 at 13-14).  *See Wilkerson*, 2011 WL 6937382, at *5 (generally alleging that Defendant has failed to validate the debt, has misrepresented the amount owed, and has assessed wrongful charges).  Moreover, to the extent Plaintiff relies on the show-me-the-note theory or his challenge of the assignment of the Note  to support of his claim under section 392.303 or 392.304 of the TDCPA, those claims fail for the reasons previously stated.

    2. *Texas Financial Code Section 392.101*

Section 392.101 of the Texas Financial Code requires third-party debt collectors to present a bond to the Secretary of State.  Under the federal Fair Debt Collection Practices Act, on

which the Texas Financial Code relies for definitions of its terms, a third-party debt collector does not include a mortgage-servicing company or similar individuals if the debt was not in default at the time it was assigned.  *See* 15 U.S.C. § 1692a(6); TEX. FIN. CODE ANN. § 392.001(7); *DeFranceschi*, 837 F. Supp. 2d at 624; *Niera v. Frost Nat'l Bank,* No. 04-09-224-CV, 2010 WL 816191, at *5 (Tex. App.--San Antonio Mar. 10, 2010).

  Plaintiff argues that Defendant is a third-party debt collector and, thus, was required by law to be bonded by the Secretary of State under Section 392.101.  (Doc. 1-1 at 15).  Plaintiff also seeks leave to amend his complaint to allege that he was in default at the time Defendant claims to have acquired the Note and Deed of Trust, in a readily-apparent attempt to have the definition of third-party debt collector apply to Defendant.  (*Id*.; Doc. 18 at 14-15).  Defendant counters in its motion to dismiss that it is not required to file a bond with the Texas Secretary of State because it is not a mortgage servicer, but rather, the assignee of the Note and Deed of Trust – that is, the mortgagee and not a third-party debt collector.  (Doc. 6 at 26; Doc. 19 at 6).  Because Plaintiff's claim, with or without the proposed amendment, rests on the faulty premise that Defendant is not the holder of the note, it is not viable for the reasons previously discussed herein.

  Thus, all of Plaintiff's claims under the TDCPA should be dismissed.

**F. Temporary Restraining Order and Injunctive Relief**

  In its *Motion to Dismiss*, Defendant correctly argues that Plaintiff's requests for injunctive relief are without merit because Plaintiff's underlying claims fail.  (Doc. 6 at 28).  The availability of injunctive relief depends upon the existence of a judicially-remediable right. *Schilling v. Rogers*, 363 U.S. 666, 677 (1960).  As discussed in detail herein, Plaintiff has failed to state a plausible claim of relief as required to survive Defendant's Rule 12(b)(6) motion.  For

this reason, Plaintiff is not entitled to injunctive relief.

### G. Accounting

Defendant argues that Plaintiff's request for an accounting is remedial in nature and also cannot survive because he has no viable underlying causes of action. (Doc. 6 at 28). Plaintiff responds that his request for an accounting is not a separate cause of action subject to dismissal, but rather a request to obtain an accounting through discovery. (Doc. 18 at 16).

"An action for accounting may be a suit in equity, or it may be a particular remedy sought in conjunction with another cause of action." *Michael v. Dyke*, 41 S.W.3d 746, 754 (Tex.App.--Corpus Christi, 2001), *abrogated on other grounds as recognized in Buck v. Palmer*, 2010 WL 5167704 (Tex.App.--Corpus Christi 2010). Because Plaintiff has clarified that his request for an accounting is not a suit in equity, but rather a remedy sought in conjunction with another action, his request for accounting cannot survive dismissal of his other claims, as is been recommended herein. Thus, this issue is moot.

### H. Leave to Amend

Plaintiff has requested the opportunity to amend his complaint should the Court find his claims to be insufficiently pled. (Doc. 18 at 17). He further requests that "the Court allow for sufficient time to complete an initial round of written discovery so that multiple requests to amend should not be needed by Plaintiff." *Id*. Defendant objects to Plaintiff's motion for leave arguing that it "would be futile," as "Plaintiff's claims are premised on mistaken propositions of law, unsupported accusations regarding the MERS system, and improper challenges to the assignment of the Deed of Trust." (Doc. 19 at 9-10).

Defendant's position is well-taken. Although leave to amend is to be freely given when justice so requires, denial of a motion for leave to amend is appropriate when the proposed

amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (specifying futility of amendment as an adequate justification to refuse to grant leave to amend). The decision whether to grant a motion to amend is generally left to the sound discretion of the district court. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). For the reasons discussed in detail herein, the bases of Plaintiff's claims are not legally sound. Thus, no new factual assertions can cure their infirmities. So, for the claims Plaintiff has already asserted, granting leave to amend would be futile. Moreover, Defendant would undoubtedly be prejudiced by granting Plaintiff leave to amend his complaint to allege claims not previously asserted. Therefore, it is recommended that the request for leave to amend be denied.

## CONCLUSION

For the reasons stated above, Defendant's *Motion to Dismiss* (Doc. 5) should be **GRANTED** to all claims, and this case dismissed with prejudice.

**SO RECOMMENDED** on January 17, 2013.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE